FILED
JAMES J. VILT, JR. - CLERK
DEC 15 2025
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                                                     CRIMINAL NO. 3:25-CR-70-6-CHB

**KELIN HERNANDEZ BARAHONA**                                                          DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by Kyle G. Bumgarner, United States Attorney for the Western District of Kentucky, and defendant, **KELIN HERNANDEZ BARAHONA**, and her attorneys, Rob Eggert and Tricia F. Lister have agreed upon the following:

1. Defendant acknowledges that she has been charged in the Indictment with the following: **Count 1**, **(International Money Laundering Conspiracy)**, violation of Title 18, U.S.C. § 1956(h), relating to as early as January 2020 continuing up to and through on or about December 2024, a conspiracy to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of a specified unlawful activity; and **Counts 2-4**, **(Money Laundering)**, violation of Title 18, U.S.C. § 1956(a)(1) and 2, relating to as early as 2020 continuing up to and through on or about December 2024, knowingly conducted and attempted to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is the proceeds from the sale and distribution of a controlled substance, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of a specified unlawful activity.

2. Defendant has read the charge against her contained in the Indictment, and that charge has been fully explained to her by her attorney. Defendant fully understands the nature and elements of the crime with which she has been charged.

3. Defendant will enter a voluntary plea of guilty to counts 1, 2, 11-17 of the Indictment. Defendant will plead guilty because she is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

### Count 1

Beginning at least as early as January 2020 and continuing up to and through December 2024, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendant, **KELIN HERNANDEZ BARAHONA** conspired with the co-defendants Vanessa Avila Galaviz, Jose Martin Romero, Jose Malagon Castro, Yeimi Hernandez Barahona, Kenia Hernandez Barahona, Suri Rosemeri Hernandez Del Cid, and others, to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of some form of specified unlawful activity. Specifically, the co-defendant Jose Malagon Castro, through his contracted Money Service Business (MSB) service at his stores El Rey I, II and III, transmitted himself or directed and authorized his employees, to include Yeimi Hernandez Barahona, Kenia Hernandez Barahona, **KELIN HERNANDEZ BARAHONA**, Suri Rosemeri Hernandez Del Cid, to transmit by wire drug proceeds provided by Jose Martin Romero, Vanessa Avila Galaviz and others to multiple beneficiaries and locations in Mexico. **KELIN HERNANDEZ BARAHONA** and the other employees would conceal the source of these funds by listing false sender names, addresses, and telephone numbers on the wires provided by Jose Martin Romero, Vanessa Avila Galaviz and others. Additionally, **KELIN HERNANDEZ BARAHONA** and the other employees would take further steps to conceal and disguise the nature, location, source, ownership, and control of these proceeds, to include, intentionally splitting a single transaction into smaller amounts and multiple wires to evade detection from the MSBs' internal compliance programs and to avoid reporting requirements; spread out the timing of these monetary wire transfers; and use multiple stores to send these monetary wire transfers.

### Count 2

Beginning at least as early as January 2020 and continuing up to and through December 2024, in the Western District of Kentucky, Jefferson County, Kentucky the defendant **KELIN HERNANDEZ BARAHONA**, aided and abetted by co-defendants Jose Martin Romero, Vanessa Avila Galaviz, Jose Malagon Castro, Yeimi Hernandez Barahona, Kenia Hernandez Barahona,

Suri Rosemeri Hernandez Del Cid, and others conducted and attempted to conduct financial transactions affecting interstate and foreign commerce knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of a specified unlawful activity, that is the proceeds from the sale and distribution of a controlled substances, to include cocaine. Specifically, on August 6, 2024, co-defendant Jose Martin Romero, delivered $27,849 in drug proceeds to the El Rey I store which was then wired, between August 6 and 7, 2025, by **KELIN HERNANDEZ BARAHONA**, Castro, Kenia, and Suri through El Rey Stores I and II to individuals in Mexico in a manner as to intentionally to conceal and disguise the nature, location, source, ownership, and control of the drug proceeds as discussed in Count 1, which is hereby fully incorporated herein.

**Count 3**

On August 9, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, the co-defendant Jose Martin Romero, delivered $24,909 in drug proceeds to the El Rey I store which was then wired, between August 9 and 11, 2024, by **KELIN HERNANDEZ BARAHONA**, Castro, Yeimi, and Kenia, through El Rey Stores I and II to individuals in Mexico in a manner as to intentionally conceal and disguise the nature, location, source, ownership, and control of the drug proceeds as discussed in Count 1, which is hereby fully incorporated herein.

**Count 4**

On August 30, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, the co-defendant Jose Martin Romero, delivered $9,284 in drug proceeds to the El Rey I store which was then wired, on August 30, 2024, by **KELIN HERNANDEZ BARAHONA**, Castro, Kenia, Vanessa, and Kelin through El Rey Stores I to individuals in Mexico in a manner as to intentionally to conceal and disguise the nature, location, source, ownership, and control of the drug proceeds as discussed in Count 1, which is hereby fully incorporated herein.

4.      Defendant understands that the charge to which she will plead guilty carries the following penalty: **Count 1**, a maximum of not more than twenty (20) years' imprisonment, a fine up to $500,000 or twice the values of the funds involved, and no more than three (3) years' supervised release; **Counts 2-4**, a maximum of not more than twenty (20) years' imprisonment, a fine up to $500,000 or twice the values of the funds involved, and no more than three (3) years' supervised release; **Total**, a maximum of not more than 80 years' imprisonment, a fine up to $2,000,000 or twice the values of the funds involved, and no more than three (3) years' supervised

3

release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5. Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if she is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose her to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including her attorney or the U.S. District Court, can predict with certainty how her conviction may affect her immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that she will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to her and the consequences of her waiver of those rights, including the following:

    A. **The right to a public and speedy trial:** If defendant persists in a plea of not guilty to the charge against her, she has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it

could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict her unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B.    **The right to confront and produce evidence**: At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in her own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    C.    **The right against self-incrimination:** At a trial, defendant would have a privilege against self-incrimination and she could decline to testify, without any inference of guilt being drawn from her refusal to testify. If defendant desired to do so, she could testify in her own behalf.

8.    Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which she pleads guilty.

9.    Defendant understands that the United States will inform the court that <u>no restitution</u> is owed. The defendant further understands that she may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required

10. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount $100 per count for felony offenses involving individuals to the United States District Court Clerk's Office by the date of sentencing.

11. At the time of sentencing, the United States will:

-Recommend a sentence of imprisonment at the low end of the applicable Guideline Range, but not less than any mandatory minimum required by law;

-Recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw her plea;

-Recommend a term of not less than three (3) years' supervised release;

-Demand forfeiture of $516,800.00 in United States Currency; and

-Agree to a fine at the low end of guidelines as determined by the Court to apply in this case, provided the Court determines the defendant has the ability to pay a fine.

12. Both parties have reserved for sentencing all arguments relating to the applicable advisory guideline range.

A. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history.

    B.    The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

13.    Defendant agrees to the following waivers of appellate and post-conviction rights:

    A.    The Defendant is aware of her right to appeal her conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right to directly appeal her conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

    B.    The Defendant is aware of her right to contest or collaterally attack her conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument; and

    C.    The defendant knowingly and voluntarily agrees to limit any motion for compassionate release for extraordinary and compelling reasons, pursuant to 18 U.S.C. §3582(c)(1)(A)(i), that the defendant may file in the future to the grounds listed in USSG §1B1.13(b)(1)-(5). The defendant knowingly and voluntarily waives the option to move for compassionate release based on any non-retroactive change in the law, including as provided for under proposed amended USSG §1B1.13(b)(6) ("Unusually Long Sentence").

14.    Defendant agrees to the forfeiture of any interest she or her nominees may have in the Defendant's proceeds and property involved in, used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the crimes contained within this Indictment, to include but not limited to: $516,800.00 in United States Currency.

15. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

16. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

17. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

19. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the

sentencing recommendations and defendant will have no right to withdraw her guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

20. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through her attorney, of all mitigating factors.

21. The Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, following the change of plea the defendant may be detained pending sentencing.

22. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

KYLE G. BUMGARNER
United States Attorney

By:

_____        12/15/25
Mac Shannon                              Date
Joe Ansari
Assistant United States Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____          12-15-2025
Kelin Hernandez Barhona                  Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____          12-15-2025
Rob Eggert                                Date
Tricia F. Lister
Counsel for Defendant

10